[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2006
THOMAS K. KAHN
CLERK

No. 05-13222
Non-Argument Calendar

_____

D. C. Docket No. 05-20099-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR HUGO MOLANO BORJA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2006)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Victor Molano Borja appeals his sentence imposed for importation of one

kilogram or more of heroin into the United States in violation of 21 U.S.C. § 952(a). Borja claims on appeal that the district court erred in denying him a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b). Borja argues on appeal that the district court erred in denying him a minor-role reduction because it over-emphasized his five previous trips to the United States. Borja claims that the district court should have more thoroughly examined other factors in determining whether he was a minor participant in smuggling the heroin into the United States. Lastly, Borja argues that the district court did not distinguish him from those that supplied him with the drugs for importation.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999). The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. In determining whether a mitigating-role reduction is warranted, a district court should: "[f]irst, and most importantly. . . measure the defendant's role against the relevant conduct for which she was held accountable at

2

sentencing." De Varon, 175 F.3d at 945. We have recognized that this prong of the analysis will, in many cases, be dispositive. Id. Secondly, the district court may measure the defendant's role against the other participants involved in that relevant conduct. Id.

In the context of a drug courier case such as this, a court may look to several factors to determine what role a defendant played in the offense. These factors include: (1) the amount of drugs; (2) the fair market value of drugs; (3) the amount of money to be paid to the courier; (4) the defendant's role in planning or distributing the drugs; (5) the equity interest the defendant has in the drugs; (6) role in planning the criminal scheme; and (7) role in distribution. Id. This list is not exhaustive, and no one factor is more important than another. Id. The proponent of a downward departure always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. Id. at 939.

Upon review of the record and the sentencing transcripts, and upon consideration of the briefs of the parties, we discern no reversible error. Borja cannot show that the district court erred in denying him a minor-role reduction. Borja was the courier of a significant amount of heroin (over 2500 grams of heroin) for which he was to receive $20,000. Measuring this role against the offense he was held accountable for at sentencing, namely, the importation of

2,562.7 grams of heroin, shows that Borja was not a minor participant.  The district court relied upon a number of factors in determining that Borja was not a minor participant, only one of which was the number of previous trips Borja made to the United States.  Further, the large amount of heroin Borja imported as well as the large sum of cash he was to receive support the district court's decision. See De Varon, 175 F.3d at 943 ("[I]n the drug courier context . . . the amount of drugs imported is a material consideration in assessing a defendant's role in her relevant conduct."). We cannot conclude that the district court clearly erred in denying Borja a minor-role reduction. Accordingly, we affirm the decision of the district court.

    **AFFIRMED**.[1]

---

[1] Borja's request for oral argument is denied.